UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AARON LAROSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1962 AGF |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the notice of removal filed by petitioner Aaron Larose, seeking to remove his state court post-conviction action to this Court. The action will be remanded.

**Background**

In the case at bar, petitioner cites to two of his state court criminal cases in his Notice of Removal.[1] He states:

> Notice is hereby given that Aaron Larose will request the United States District Court ED of Missouri, Eastern District 111 SO. Tenth St., St. Louis, MO 63102 to remove into Federal Court the cases of Aaron Larose, State v. Larose, 0911-CR03956-01 and Case 1411-CC00186, Aaron Larose, on the grounds that Aaron Larose cannot enforce his federal protected supremacy rights, 1st, 5th, 14th Amendments to the Constitution, by currently being assigned a public defender to the case that not only has a reputation of acting on behalf of the state and undermining pending cases, or relevant cases on behalf of the state. Under Missouri precedent Missouri courts provide a haven of refuge for such treachery, of acting in concert in postconviction cases.

---

[1]Although petitioner refers to both his underlying state conviction and his post-conviction motion to vacate, it is clear that he is attempting to remove his motion for post-conviction relief.

Review reveals that, on April 1, 2011, a jury convicted petitioner of murder in the first degree and armed criminal action. *See State v. Larose*, No. 0911-CR03956-01 (11th Judicial Circuit, St. Charles County Court). On June 6, 2011, the Court sentenced petitioner to life imprisonment without the possibility of parole on the murder charge and thirty years' imprisonment on the armed criminal action charge, with both counts to run consecutively. Petitioner is presently incarcerated at Potosi Correctional Center ("PCC").

Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, which affirmed his conviction on July 16, 2013. *See State v. Larose*, No. ED97043 (Mo.Ct.App. July 16, 2013). Petitioner subsequently sought and was denied Supreme Court review. *State v. Larose*, No. SC93690 (Mo. Nov. 26, 2013).

Petitioner filed a post-conviction motion in the trial court based upon prosecutorial misconduct, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of trial and appellate counsel. *See Larose v. State*, No. 1411-CC00186 (11th Circuit, St. Charles County). Parts of petitioner's motion were denied on the record on March 11, 2015. However, petitioner was granted an evidentiary hearing on certain parts of his motion, which was held on November 6, 2015. The matter was taken under advisement and proposed findings of fact and law were filed at that time. A second hearing was set for July 27, 2017. Although petitioner has been assigned counsel for the hearing, he sought to remove the case to this Court prior to the hearing date.

## Discussion

In the case at bar, petitioner seeks to remove his motion to vacate his conviction, Case No. 1411-CC00186, to this Court because he allegedly does not believe he will receive a fair review of his post-conviction motion in St. Charles County Court.

In his petition for removal, petitioner claims that he "cannot enforce his supremacy rights in Missouri Courts to seek DNA testing"[2] in order to prove his purported innocence of his crime. Thus, petitioner believes he should be able to remove his post-conviction motion to this Court for review. Petitioner has not, however, identified a statute, under which he believes that he can base his removal. Nevertheless, the Court will consider the notice of removal, beginning with considering whether removal is appropriate under 28 U.S.C. § 1443.

Section 1443 allows for the removal of a state criminal <u>prosecution</u> "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Removal jurisdiction under § 1443(1) is very limited. *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966); *see also Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D. Minn. Dec. 11, 2012). In order for a state criminal prosecution to be removed under § 1443(1), the removal petition must satisfy a two-prong test. *Johnson v. Mississippi,* 421 U.S. 213, 219-20 (1975). First, it must appear that the right allegedly denied the petitioner arises under a federal law providing for civil rights stated in

---

[2]Petitioner has filed a motion to supplement his Notice of Removal, in which he argues that he should not be subject to a state court filing fee to assert a DNA testing action under Mo.Rev.Stat.§ 547.035. As petitioner was informed by the Clerk of the Missouri Supreme Court, he is subject to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and required to pay filing fees for any civil action brought in the court system.

terms of racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Second, it must appear that the petitioner is denied or cannot enforce the specified federal rights in state court. *Id.* at 803. Satisfaction of the second prong typically requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.*

Petitioner has been criminally convicted. Moreover, his post-conviction motion has been partially ruled upon by the St. Charles County Court. It will hold an evidentiary hearing on the remaining part of petitioner's motion for post-conviction relief on July 27, 2017. Thus, the state court criminal case petitioner seeks to remove has been partially adjudicated, and can no longer be considered a state criminal prosecution that can be removed pursuant to 28 U.S.C. § 1443.

Even if petitioner were seeking removal of a state court prosecution, he would fail to satisfy either prong of the § 1443(1) test. He fails to allege that he is being denied a right stated in terms of racial equality, and he fails to show that there is a state law preventing him from raising his federal claims in state court. As noted above, petitioner can raise his DNA claims in Missouri State Court, he may simply have to pay a filing fee in order to do so.

Section 1443(2) is no more availing, as it applies to those acting under the "color of authority" derived from any law providing for civil rights. The Supreme Court has held that the "color of authority" clause of § 1443(2) is limited to enforcement activity by federal officers and those acting under them, *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 823 (1966), and there is no indication in any of petitioner's filings that he qualifies.

Petitioner has not mentioned any other removal statutes in his notice of removal, and this Court does not believe that any of the known removal statutes apply to petitioner's action. Title

4

28 U.S.C. § 1444 applies to foreclosure actions against the United States; § 1445 sets forth civil actions that are expressly non-removable; § 1446 concerns procedures for removal of civil actions; and § 1447 sets forth the procedures district courts follow after removal.

Petitioner does not cite, nor is the Court aware, of any federal statute allowing for the removal of the instant case. Even if there were such a statute, this action would be remanded because petitioner's notice of removal is untimely, and he offers nothing tending to demonstrate good cause therefor. *See* 28 U.S.C. § 1455(b)(2).

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal is not permitted in this case. The Court therefore summarily remands this matter to the Circuit Court for St. Charles County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**. The Court will not assess a filing fee at this time.

**IT IS HEREBY ORDERED** that petitioner's motion to supplement the record [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Charles County, Missouri. *See Larose v. State*, No. 1411-CC00186 (11th Circuit, St. Charles County).

Dated this 28th day of July, 2017.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

5